10-1742-cv
Deabes v. GNC Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 24th day of March, two thousand eleven.

Present: AMALYA L. KEARSE,
ROBERT D. SACK,
ROBERT A. KATZMANN,
*Circuit Judges.*

_____

NASHWA DEABES,

*Plaintiff-Appellant,*

- v. -                                    No. 10-1742-cv

GENERAL NUTRITION CORP.,

*Defendant-Appellee.*

_____

For Plaintiff-Appellant:        BENJAMIN M. WATTENMAKER (John M. Wolfson,
                                *on the brief*), Feiner Wolfson LLC, Hartford, CT

For Defendant-Appellee:         BENJAMIN R. HOLLAND (Kimberly Q. Cacheris, *on
                                the brief*) McGuireWoods LLP, Charlotte, NC

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Nashwa Deabes, a former sales manager for defendant General Nutrition Corp. ("GNC") appeals from a final judgment, entered on April 9, 2010, in the United States District Court for the District of Connecticut (Eginton, *J.*), granting GNC's motion for summary judgment and dismissing Deabes' complaint in its entirety. Deabes filed suit after she was terminated and asserted claims of intentional discrimination on the basis of gender and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-51 *et seq.* On appeal, Deabes argues that genuine issues of material fact concerning GNC's proffered explanation for her termination precluded summary judgment on her Title VII and CFEPA national origin discrimination claims. We assume the parties' familiarity with the facts and procedural history of the case.

"We review *de novo* a district court's grant or denial of summary judgment," construing the evidence "in the light most favorable to the party against whom summary judgment is sought." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. 2010). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict in favor of the party against which summary judgment is contemplated." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178-79 (2d Cir. 2008).

The district court assumed, in granting summary judgment to GNC, that Deabes had established a prima facie case of intentional discrimination. Under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the employee

2

bears the initial burden of proving a prima facie case by a preponderance of the evidence by showing (1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) that the adverse action took place under circumstances giving rise to an inference of discrimination. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). After a prima facie case is made, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action, which, if proffered, places the burden on the plaintiff to demonstrate that the proffered reason is a pretext for unlawful discriminatory intent. *Id.* GNC claims that Deabes was terminated for taking an unauthorized vacation and failing to properly staff the store in her absence, and the district court concluded that Deabes had failed to raise an inference that GNC's proffered explanation was pretextual and that the decision to terminate was more likely than not motivated by national origin discrimination.

Based on our independent review of the record, we agree with the district court that plaintiff has not adduced any competent evidence to rebut GNC's explanation or show that it is "unworthy of credence." *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1113 (2d Cir. 1988) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)) (internal quotation mark omitted). Deabes conceded in her deposition that she had never heard any discriminatory statements made or reported experiencing any discrimination while at GNC, stating that "[i]t never happened, so why would I?" J.A. 22. Even if the record, viewed in the light most favorable to Deabes, contains inconsistent testimony concerning Deabes' purported lack of authorization for her vacation, this is insufficient to create a genuine issue of material fact, as Deabes has pointed to no evidence that would permit a rational factfinder to infer that GNC was

3

motivated by unlawful discriminatory intent. *See, e.g.*, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason."); *Timothy v. Our Lady of Mercy Med. Ctr.*, 233 F. App'x 17, 20 (2d Cir. 2007) ("Even assuming, however, that inconsistencies or other indicia of pretext are present, they would not here support, either alone or in conjunction with the other evidence, an inference that discrimination on the basis of [plaintiff's protected status] was the real reason for any of these allegedly adverse actions."). Since plaintiff cannot show that the adverse employment action was more likely than not motivated by unlawful discriminatory intent based on her national origin, GNC was entitled to summary judgment as a matter of law on both the Title VII and CFEPA claims. *See Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997); *Levy v. Comm'n of Human Rights and Opportunities*, 236 Conn. 96, 103, 107 (1996) (applying *McDonnell Douglas* framework in analyzing CFEPA claims).

We have considered Deabes' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4